

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO. 3:20-0407-MGL |
| | § | |
| MOCQUEZ ANDRE ADAMS, | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO REOPEN HIS DETENTION HEARING**

## I.      INTRODUCTION

Pending before the Court is Defendant Mocquez Andre Adams's (Adams) appeal of the Magistrate Judge's September 23, 2020, order denying his motion to reopen the issue of the order of detention and to set conditions of release. Having carefully considered the instant motion, the affidavit in support of bond, the record, and the applicable law, it is the judgment of the Court Adams's motion to reopen his detention hearing will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

On March 20, 2020, Adams appeared before the Magistrate Judge for a detention hearing following his arrest after the issuance of a criminal complaint alleging distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). The government maintains it captured Adams

selling narcotics to an undercover agent on audio and video nine separate times over a period of approximately four weeks.

Subsequent to the detention hearing, on March 23, 2020, an order of detention was entered by the Magistrate Judge. Adams, on August 27, 2020, filed a motion to reopen the issue of the Magistrate Judge's order of detention and to set conditions of release. In his motion, Adams argued, pursuant to 18 U.S.C. § 3142(f), the following three reasons justified the reopening of his detention hearing: he identified a potential third party custodian; the threat of the COVID-19 pandemic; and, no Pre-Trial Services Report had been prepared prior to his March 20, 2020, detention hearing.

The Magistrate Judge, on September 23, 2020, rejected these three arguments and entered an order denying Adams's motion. Subsequently, on October 5, 2020, Adams filed an appeal of the Magistrate Judge's order to this Court. And, on March 19, 2021, Adams's counsel submitted an affidavit in support of his client's motion.

### III.     STANDARD OF REVIEW

A district court reviews a Magistrate Judge's ruling on pretrial detention de novo. *See* 18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."); *see also United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985) (discussing a criminal defendant's motion to obtain judicial review of the Magistrate Judge's detention under 18 U.S.C. § 3145(b)); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc) ("A defendant ordered detained by a magistrate may seek *de novo* review in the district court.").

A "[detention] hearing may be reopened, before or after a determination by a judicial officer, at any time before trial[,] if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

## IV.    DISCUSSION AND ANALYSIS

Adams contends the Magistrate Judge, in her September 23, 2020, order denying his motion to reopen his detention hearing, improperly determined he knew, on March 20, 2020, his asthma created legitimate health concerns in light of the COVID-19 pandemic.  Specifically, in her order, the Magistrate Judge noted:

> Similarly, Adams posits that the COVID-19 pandemic warrants revisiting the issue of detention.  Again, however, the COVID-19 pandemic, though in its early stages in the Southeastern United States back in March, was a known factor at the time of the hearing. And while Adams points to certain medical conditions that he states make him susceptible to the virus, nothing in his motion indicates that he was unaware of those conditions at the time of the hearing on March 20, or that he was unaware that those conditions made people more susceptible to COVID-19.

Magistrate Judge's Order Den. Adams's Mot. to Reopen Previous Detention Hr'g at 2.

In particular, Adams argues, in the instant motion, two pieces of information "exist[ed] that w[ere] not known to the movant at the time of the hearing and that ha[ve] a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).

3

As to the first piece of information not known to Adams, he argues "[t]he fact that the Richland County Detention Center [RCDC] had a COVID-19 outbreak was not known to the public until it was revealed in The State newspaper on April 8th, 2020." Mot. at 2. This argument is unpersuasive. The fact the RCDC had no known COVID-19 outbreaks as of the March 20, 2020, detention hearing fails to negate the known seriousness and contagiousness of COVID-19 as of that date. Furthermore, Adams knew, at the date of the detention hearing, RCDC, similar to all other places of incarceration, housed inmates in close quarters. Accordingly, the Court concludes this argument is without merit.

Turning to the second piece of information unknown to Adams, he maintains he had no knowledge, at the detention hearing, his primary care doctor would later issue a letter stating his chronic asthma may present increased chances of "serious medical complications and outcomes during the pandemic." *Id.* at 3 (internal citation omitted). This argument is also unpersuasive. At the date of the detention hearing, Adams knew of his asthma condition and the fact COVID-19 is a respiratory disease. Nothing prevented Adams from making the argument he now makes at his detention hearing. Consequently, the Court concludes this argument is without merit.

Lastly, in Adams's counsel's recent affidavit to the Court, he posits his client's detention without bond unfair in light of his co-defendant having been "granted a bond despite the Government moving for [d]etention in his case." Aff. of Seth Rose at 1. Inasmuch as Adams's counsel fails to provide any legal authority supporting his position, the Court will dismiss that argument.

The Court, in conducting its de novo review of the Magistrate Judge's detention order, reviewed the transcript of the testimony at the detention hearing proceeding before the Magistrate Judge, as well as the Magistrate Judge's order of detention. The Court agrees with the findings

and conclusions of the Magistrate Judge as set forth in her order of detention, and thus holds the application of the factors set forth in 18 U.S.C. § 3142(g) support her determination pretrial detention is appropriate in the instant case.

IV.   **CONCLUSION**

Therefore, the Court hereby adopts and incorporates into this Order the findings of the Magistrate Judge.  As such, Adams's motion to reopen the detention hearing is **DENIED.**

**IT IS SO ORDERED.**

Signed this 23rd day of March 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE